UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO MASSIP VARELA,

      Petitioner,

    v.                                                    Case No.:  2:26-cv-01700-SPC-KRH

WARDEN, FLORIDA SOFT-SIDED
FACILITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Mario Massip Varela's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Massip Varela is a native of Cuba who was paroled into the United States on October 12, 1995.  An immigration judge ordered him removed on July 19, 2018, after his application for adjustment of status was denied. Because Cuba would not accept Massip Varela for repatriation, Immigration and Customs Enforcement ("ICE") released him under an order of supervision on October 18, 2018.  On December 15, 2025, local law enforcement arrested Massip Varela for driving with a suspended license, and ICE issued an immigration detainer.  ICE took him into custody on April 2, 2026.  He is currently detained at Alligator Alcatraz.  Massip Varela claims his detention is unlawful because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Massip Varela's petition is premature because his current detention has not exceeded 180 days.  They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained.  That assumption is inconsistent with *Zadvydas*.  It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Massip Varela has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  Cuba refused to repatriate him, and no other country has agreed to accept him.  The burden thus shifts to the government.  ICE claims it intends to remove Massip Valera to Mexico but blames him for thwarting removal efforts by refusing to sign the certificate of service on a Notice of Removal form.  But the government does not explain how an unsigned certificate of service hinders removal efforts.

And crucially, ICE makes no attempt to show that Mexico has agreed to accept Massip Valera or that it will likely accept him soon.

The Court finds no significant likelihood Massip Varela will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Massip Varela to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Mario Massip Varela's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Massip Varela within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record